73 F.3d 381
 37 U.S.P.Q.2d 1606
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
VIP SALES COMPANY, INC., Appellant,
v.
GRINGO'S INC., Appellee.
 No. 95-1274.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1995.
 
 Before RICH, MAYER, and BRYSON, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 This appeal is from the United States Patent and Trademark Office Trademark Trial and Appeal Board ("Board"), dated January 25, 1995, in Opposition No. 88,265 brought by GRINGO'S INC. opposing the registration of the mark GRINGO'S and design, application Serial No. 74/122,515, filed December 11, 1990 by VIP SALES COMPANY, INC. ("VIP") for "frozen foods, namely Mexican entrees consisting primarily of burritos, enchiladas, tacos, taquitos and tortillas." GRINGO'S INC. opposes on the basis of its ownership of U.S. Registration No. 1,600,063 of June, 5, 1990 for the mark GRINGO'S for "restaurant services." The Board sustained the opposition. We affirm.
 
 DISCUSSION
 
 2
 There is evidence in this opposition that the "restaurant services" referred to in opposer's registration include, if they do not primarily consist of, serving Mexican type foods identical with those named in applicant's application, for both on premises consumption and carry out. After finding that applicant's and opposer's marks are identical in the eyes of the law, since their predominant or sole feature consists of the word GRINGOS, the Board went on to hold that
 
 
 3
 [GRINGO'S] restaurants offer many of the specific types of Mexican food items for which VIP seeks registration.... A customer knowing of opposer's GRINGO'S restaurant services--especially its carry out services featuring individual Mexican food items placed in GRINGO'S wrappers--would be apt to assume, when he encounters [VIP's] individual Mexican food items bearing the mark GRINGO's and design, that both emanate from a common course or that they are otherwise affiliated.
 
 
 4
 Such an assumption of common or affiliated sources brings about confusion or mistake, or a likelihood of it. What we are dealing with in this case is registrability of applicant's mark under a statute, namely 15 U.S.C. Sec. 1052(d) (1994), also known as Section 2(d) of the Lanham Act. Strangely, the parties and, yes, even the Board, seem to have avoided mention of it, seemingly taking it for granted. However, it was pleaded in the Notice of Opposition as the reason for unregistrability. It is fundamental to opposer's case. It says that a mark may be refused registration if it
 
 
 5
 (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office ... by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive .... [Emphasis added.]
 
 
 6
 Here, the Board has written a well-reasoned, eleven-page opinion explaining at length why it finds a likelihood of confusion. We have carefully read all of appellant's brief and find nothing in it which persuades it that the board was wrong in its analysis or in its legal conclusion. Finding it to be factually and legally sound, we affirm on the basis of that opinion.